UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01302 ERW |
| | ) | |
| LEE ENTERPRISES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Lee Enterprise's ("Lee") Motion for Summary Judgment [ECF No. 22]. Plaintiff, Gloria Whitehead, originally filed a petition in state court, seeking to recover retiree life insurance benefits through an employee welfare benefit plan sponsored by Lee [ECF Nos. 1-5]. The employee welfare benefit plan is one governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. [ECF Nos. 1-5]. On July 20, 2012, Lee filed its Notice of Removal in this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446; and in accordance with provisions of ERISA codified at 29 U.S.C. §§ 1001 et seq. [ECF No. 1]. On August 13, 2012, Plaintiff filed a "First Amended Complaint for Damages (Violation of the Employee Retirement Income Security Act)," reasserting her claim for benefits under the provisions of ERISA [ECF No. 15].

I.  **STATEMENT OF UNDISPUTED OR UNCONTROVERTED FACTS**

The following fact statement is a recitation of undisputed or uncontroverted facts taken from "Defendant's Statement of Uncontroverted Material Facts" [ECF No 23], "Plaintiff's Responses to Defendant's Statement of Uncontroverted Material Facts and Plaintiff's Additional Uncontroverted Facts" [ECF No. 28], "Defendant's Reply in Support of Its Motion for Summary Judgment" [ECF No. 30], "Defendant's Response to Plaintiff's Statement of Additional

Uncontroverted Material Facts" [ECF No. 31], and the parties' uncontroverted or undisputed supporting exhibits for these pleadings.

Plaintiff's husband, David Whitehead, was an employee of Pulitzer, Inc., when he retired. On June 1, 2000, Pulitzer, Inc. provided a group life insurance policy at the company's expense to Mr. Whitehead. Lee purchased Pulitzer, Inc., in June 2005.

During 2009, Plaintiff's husband was insured through Metropolitan Life Insurance Company ("MetLife"), under group life insurance plan #138333-1-G (the "Plan"), which provided life insurance coverage to specific non-union retired employees of Pulitzer and the Post Dispatch [ECF No. 23-1 at 14-61]. Lee was the plan administrator of the Plan. Plaintiff was her husband's beneficiary.

The Plan provided that Lee had "the right to change or terminate the Plan at any time" [ECF No. 23-1 at 44]. The terms of the Plan included: "Your consent or the consent of your beneficiary is not required to terminate, modify, amend, or change the Plan" [ECF No. 23-1 at 44]. The Plan stated, "You will only be insured for the benefits: for which You become and remain eligible; . . . and which are in effect" [ECF No. 23-1 at 31].

Concerning claim submission, the Plan provided: "If you die, Proof of your death must be sent to Us. When We receive such Proof with the claim, We will review the claim and, if We approve it, will pay Beneficiary the Life Insurance in effect on the date of Your death" [ECF No. 23-1 at 35]. The Plan's definitions indicated that the terms "We" and "Us" referred to MetLife [ECF No. 23-1 at 32]. The Plan further provided that coverage would end on the earliest of: "1. the date the Group policy ends; or 2. the date insurance ends for Your class; or 3. the end of the period for which the last premium has been paid for You" [ECF No. 23-1 at 33].

Lee terminated life insurance under the Plan for Mr. Whitehead effective January 1, 2010, such that his last date of coverage under the Plan was December 31, 2009. Notice of the termination was sent to Mr. Whitehead on or about December 4, 2009 [ECF Nos. 23, 23-1 at 4-10, 28]. Mr. Whitehead died on January 12, 2011.

On or about April 26, 2012, Plaintiff, through a letter from her attorney to AON Hewitt, demanded payment of the non-union retiree life insurance benefit at issue in this suit. AON Hewitt forwarded the letter from Plaintiff's lawyer to Lee, the Plan Administrator. AON Hewitt had no role in administering the Plan. Plaintiff did not file a claim form or other claim for benefits, except through correspondence from her attorney. Lee denied Plaintiff's claim on the basis that Mr. Whitehead's life insurance coverage terminated effective January 1, 2010, and did not provide coverage to Mr. Whitehead at the time of his death in 2011.

The Plan states that Lee "shall have discretionary authority to interpret the terms of the Plan and to determine eligibility and entitlement to Plan benefits" and that "any interpretation or determination made to such discretionary authority shall be given full force and effect, unless it can be show that the interpretation or determination was arbitrary or capricious" [ECF No. 23-1 at 46].

## II. SUMMARY JUDGMENT LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to
3

support the fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not lie if a genuine dispute about a material fact is shown; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the Court may not make credibility determinations, weigh the evidence, or draw inferences from the facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

To satisfy his initial responsibility, the movant must inform the court of the basis for his motion and must identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. *Id.* at 1042. Once the moving party has discharged the requisite evidentiary burden, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* (citations omitted). If the nonmovant fails to produce such evidence, summary judgment in favor of the moving party is proper. *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## III. DISCUSSION

In its Motion, Lee claims that the undisputed facts show that Plaintiff is not entitled to the life insurance benefit she seeks in her suit, because her husband's coverage under the non-union retiree group life insurance plan administered by Lee terminated on January 1, 2010, over one year before Plaintiff's husband died [ECF Nos. 22, 23, 24]. Lee contends its determination that no benefits were payable to Plaintiff because her husband was not covered at the time of his death is entitled to deferential review by this Court. Lee argues that its determination should be upheld,

4

because the clear language of the Plan precludes payment of benefits for deaths occurring after the date coverage ended.

In her Memorandum in Opposition to Defendant's Motion for Summary Judgment [ECF No. 29], Plaintiff contends the facts of her case indicate that Lee had a conflict of interest and abused its discretion when it denied benefits to her. She claims Pulitzer, Inc. had agreed to provide the expense of the group life insurance, and argues that Lee exceeded its contractual authority by unilaterally changing Pulitzer's agreement to require Mr. Whitehead to pay for the insurance. She insists that Lee was obligated to continue to pay for the expense of the group insurance policy, regardless of any authority it had to change the terms of the Plan.

Plaintiff argues that this matter involves a scenario where the plan failed to make a payment based on Lee's actions taken outside its plan administrator role. Plaintiff asserts that, but for the company's failure to pay for the insurance premium, she would have been entitled to payment of the insurance policy benefit. The Court finds Plaintiff's contention that Lee was obligated to continue to pay for the expense of the group policy unpersuasive, and unsupported by any evidence in the record.

Plaintiff further argues that Lee not only breached its contractual obligation to pay the premiums, but also that Lee had a conflict of interest affecting its decision to deny benefits. She asserts Lee's determination was unreasonable, arbitrary, and capricious.

"Under ERISA, a plan beneficiary may bring a civil action to obtain judicial review of a benefits determination." *Govrik v. Unum Life Ins. Co. of Am.*, 702 F.3d 1103, 1108 (8th Cir. 2013). In instances where the ERISA plan affords a plan administrator discretionary power to make eligibility decisions, the administrator's determination is reviewed for an abuse of discretion. *Id.* Courts are hesitant to interfere with the administration of ERISA plans, and will not disturb

5

an administrator's decision if the determination is reasonable. *Id.* Courts "measure reasonableness by whether substantial evidence exists to support the decision, meaning more than a scintilla but less than a preponderance. *Id.* at 1108-09 (internal quotations and citation omitted). The existence of an inherent conflict of interest, such as that arising when a plan administrator acts as both the payer of benefits and the decision-maker in a claim determination, is one of the factors courts weigh in determining whether an administrator abused its discretion. *Id.* at 1109.

In her memorandum opposing Defendant's summary judgment motion, Plaintiff contends such an inherent conflict of interest exists here, asserting that Lee acts both as the decision-maker and the payer. However, the uncontroverted record evidence shows that MetLife -- not Lee -- was the payer of benefits for the Plan [ECF No. 23-1 at 32, 35]. Consequently, an inherent conflict of interest is not a factor to be considered upon review here.

When determining whether administrators have abused their discretion, courts generally ask:

> whether the interpretation is consistent with the goals of the Plan, whether their interpretation renders any language in the Plan meaningless or internally inconsistent, whether their interpretation conflicts with the substantive or procedural requirements of the ERISA statute, whether they have interpreted the words at issue consistently, and whether their interpretation is contrary to the clear language of the Plan.

*Hankins v. Standard Ins. Co.*, 677 F.3d 830, 834 (8th Cir. 2012). The Court finds that the uncontroverted facts establish that the Plan granted Lee, as the Plan Administrator, discretionary authority to interpret its terms, and to determine eligibility and entitlement to Plan benefits [ECF No. 23-1 at 46]. The Court further finds that the Plan provided that Lee had the right to terminate the Plan at any time, without the consent of Mr. Whitehead, or any of his beneficiaries, and that the Plan informed Mr. Whitehead that he would only be insured for life insurance benefits that were in effect on the date of his death [ECF No.23-1 at 31, 35, 44]. The Court additionally

finds the Plan provided that coverage would end on the earliest of three events: 1) the termination of the Group policy; 2) the date insurance ended for Mr. Whitehead's class; or 3) the end of the period for which the last premium had been paid [ECF No. 23-1 at 33].

The record shows that, after notifying Mr. Whitehead in writing, Lee terminated the life insurance coverage for Mr. Whitehead, effective January 1, 2010, and that his last date of coverage under the Plan was December 31, 2009. At the time of his death on January 12, 2011, Mr. Whitehead had not been eligible for benefits for more than a year. The undisputed material facts show that, at the time of his death, Plaintiff's husband was not covered under the group life insurance plan administered by Lee, and that no benefits were payable to Plaintiff under the Plan on his death. Lee's decision to deny Plaintiff's claim on the basis that her husband was not covered by the Plan at the time of his demise was not an abuse of discretion. The Court concludes that Lee is entitled to judgment as a matter of law, and will grant Lee's Motion for Summary Judgment.

**IV.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Lee Enterprises Motion for Summary Judgment [ECF No. 22] is **GRANTED**. Plaintiff's First Amended Complaint for Damages [ECF No. 15] is **DISMISSED with prejudice.**

So Ordered this 11th day of July, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE